UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Luis Jara, Celso Lopez, Emiliano Flores, and Carlos Tello<br><br>Plaintiffs,<br><br>v.<br><br>Smart & K Construction, LLC, and Yaroslav Kohut<br><br>Defendants. | CIVIL ACTION NO:<br><br><br><br><br><br><br><br>May 29, 2009 |

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought by the Plaintiffs, a group of four laborers, against the Defendants, Smart & K Construction, LLC, and Yaroslav Kohut arising from the Defendants' failure to pay the Plaintiffs wages for their work. The Plaintiffs allege violations of the minimum wage provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, et seq., and the minimum wage and wage payment provisions of Connecticut law, Conn.Gen.Stat. §31-58 et seq. The Plaintiffs seek double their unpaid wages pursuant to both the FLSA and Connecticut law and their reasonable attorney's fees and costs.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this

judicial district.

## III. THE PARTIES

4. The Plaintiffs are Luis Jara, Celso Lopez, Emiliano Flores and Carlos Tello. The Plaintiffs are residents of Stamford, Connecticut. At all times relevant to this Complaint the Plaintiffs were employees of the Defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5. At all times relevant to this Complaint, the Plaintiffs were employees engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6. Defendant Smart & K Construction, LLC has a place of business at 7 O'Brien Street, Norwalk, Connecticut. Defendant Yaroslav Kohut is the managing member of Smart & K Constriction and he resides at the same address. At all times relevant to this Complaint, Defendant Kohut made all relevant decisions regarding payment of wages to the Plaintiffs by Smart & K Construction, LLC. At all times relevant to this Complaint, the Defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV. STATEMENT OF FACTS

7. The Plaintiffs were employed by the Defendants at various times from in or about March 2008 until on or about December 18, 2008. The Plaintiffs performed carpentry and other work for the Defendants and at the direction of the Defendants.

8. The Defendants told the Plaintiffs that their rates of pay would be:

| Luis Jara | $15.00 an hour |
| Celso Lopez | $15.00 an hour |
| Emiliano Flores | $18.00 an hour |

2

        Carlos Tello        $15.00 an hour

<u>Luis Jara</u>

9.    Luis Jara began working for the Defendants and remained in their employ from in or about March 2008, until on or about December 18, 2008.

10.    In October and November 2008, the Defendants failed to pay Jara for three weeks:

        For the week of October 20-24, for 41 hours;

        For the week of October 27-November 1, for 44 hours; and

        For the week of November 3-8, for 48.5 hours.

11.    The Defendants owe wages to Jara as follows:

| | | |
|---|---|---|
| October 20-24: | $(40 \times \$15) + (1.5 \times \$15) =$ | $ 622.50 |
| October 27-Nov. 1: | $(40 \times \$15) + (1.5 \times 4 \times \$15) =$ | $ 690.00 |
| November 3-8: | $(40 \times \$15) + (1.5 \times 8.5 \times \$15) =$ | $ 791.25 |
| | Total = | $2,103.75 |

<u>Celso Lopez</u>

12.    Celso Lopez began working for the Defendants and remained in their employ from on or about March 3, 2008, until on or about May 10, 2008, and then from on or about June 2, 2008, until on or about November 3, 2008.

13.    The Defendants did not pay Lopez for the last four weeks and one day of his work:

        For the week of October 7-11, for 38.5 hours;

        For the week of October 13-18, for 42 hours;

        For the week of October 20-24, for 40.5 hours;

        For the week of October 27-November 1, for 41 hours;

3

For November 3, for 8.5 hours.

14. The Defendants owe wages to Lopez as follows:

| | | |
|---|---|---|
| October 7-11: | 38.5 x $15 = | $ 577.50 |
| October 13-18: | (40 x $15) + (1.5 x 2 x $15) = | $ 645.00 |
| October 20-24: | (40 x $15) + (1.5 x 0.5 x $15) = | $ 611.25 |
| October 27-Nov. 1 | (40 x $15) + (1.5 x $15) = | $ 622.50 |
| November 3 | (8.5 x $15) | $ 127.50 |
| | Total = | $2,583.75 |

## Emiliano Flores

15. Emiliano Flores began working for the Defendants and remained in their employ from on or about June 2, 2008, until on or about December 18, 2008.

16. The Defendants did not pay Flores for the hours that he worked during the following three weeks:

For the week of October 20-24, for 30.5 hours;

For the week of October 27-November 1, for 43 hours;

For the week of November 3-8, for 43 hours.

17. The Defendants owe wages to Flores as follows:

| | | |
|---|---|---|
| October 20-24: | 30.5 x $18 = | $ 549.00 |
| October 27-Nov. 1: | (40 x $18) + (1.5 x 3 x $18) | $ 801.00 |
| November 3-8: | (40 x $18) + (1.5 x 3 x $18) | $ 801.00 |
| | Total = | $2,151.00 |

## Carlos Tello

18. Carlos Tello began working for the Defendants and remained in their employ from on or about June 2, 2008, until on or about December 18, 2008.

4

19. The Defendants did not pay Tello for the hours that he worked during the following three weeks:

For the week of October 20-24, for 41 hours;

For the week of October 27-November 1, for 44 hours;

For the week of November 3-8, for 48.5 hours.

20. The Defendants owe wages to Tello as follows:

| | | |
|---|---|---|
| October 20-24: | $(40 \times \$15) + (1.5 \times \$15) =$ | $ 622.50 |
| October 27-Nov. 1: | $(40 \times \$15) + (1.5 \times 4 \times \$15) =$ | $ 690.00 |
| November 3-8: | $(40 \times \$15) + (1.5 \times 8.5 \times \$15) =$ | $ 791.25 |
| | Total = | $2,103.75 |

21. The Plaintiffs requested that the Defendants pay them the wages they are owed on more than one occasion during and after their employment by the Defendants.

22. Each of the Plaintiffs left their employment with the Defendants because the Defendants had failed and refused to pay them the wages they were owed.

23. On several occasions before and after the end of their employment each of the Plaintiffs had asked the Defendants to pay the money owed, but no payment was made.

24. On or about March 9, 2009, Plaintiff Luis Jara went to the home of Defendant Yaroslav Kohut to demand that the Defendant pay him the wages he owed him.

25. In response to Plaintiff's demands, Defendant Kohut became very angry and threatened to kill the Plaintiff.

26. Defendant Kohut also threatened to use a gun to kill any of the Plaintiffs who demanded money from him.

## V.     COUNT ONE: FLSA AND CONNECTICUT OVERTIME VIOLATIONS

1.     The Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 26, above.

27.    The Defendants did not pay the Plaintiffs at the rate of one and one-half times their regular hourly rates for hours worked in excess of forty hours in a week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207 and Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76b through 31-76c.

28.    The Defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the Defendants were aware of their obligation to pay the Plaintiffs consistent with the federal minimum wage and did not do so.

29.    The Defendants' failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the Defendants were aware of their obligation to pay the Plaintiffs consistent with the Connecticut minimum wage and did not do so.

## VI.    COUNT TWO: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES

1.     The Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through29, above.

30.    The Defendants failed to pay each of the Plaintiffs all of the wages that were owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

31.    The Plaintiffs bring this action pursuant to Conn.Gen.Stat. §31-72, seeking payment of the wages that they are owed.

32.    The Defendants' failure to pay wages at the agreed-upon rate as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the Defendants were aware of their obligation to pay the Plaintiffs and did not do so.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs requests that this Court:

1. Order the Defendants to pay to the Plaintiffs all wages owed, consistent with the federal and Connecticut overtime wage and wage payment laws;

2. Award the Plaintiffs liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b) and Conn.Gen.Stat. §31-72;

3. Award the Plaintiffs their reasonable attorney's fees and costs;

4. Award the Plaintiffs prejudgment and post-judgment interest.

5. Award the Plaintiffs such other legal and equitable relief that the Court deems appropriate.

THE PLAINTIFFS,

BY: _____
Peter Goselin ct16074
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2292
(860) 233-9821