UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
LUIS JARA, et al.,              :
                                :
      Plaintiff,                :
                                :
      v.                        :      CASE NO. 3:09cv856(DFM)
                                :
YAROSLAV KOHUT,                 :
                                :
      Defendant.                :
```

PRETRIAL ORDER

As discussed in the status conference, trial is scheduled to begin on **July 31, 2012** at 10:00 am in the East Courtroom and will continue on **August 1, 2012** at 10:00 a.m. until noon.  If necessary, the trial will continue **August 2, 2012** at 10:00 a.m.  This is a trial to the court, also called a bench trial.  There is no jury. The Judge decides the case and issues a written ruling.  In light of the defendant's pro se status, an addendum is attached regarding trial procedure.

A final pretrial conference is scheduled for **July 27, 2012** at 1:00 p.m. in the East Courtroom.  During the final pretrial conference, the court will review the parties' proposed evidence identified in the Joint Trial Memorandum, discussed below.

By **July 12, 2012**, the parties shall file a Joint Trial Memorandum.  The Joint Trial Memorandum shall be in the form required by the District of Connecticut's Standing Order Regarding Trial Memoranda in Civil Cases (the "Standing Order").  **In addition to the material required by the Standing Order**, the Joint Trial

Memorandum shall include:

a. <u>Witnesses</u>: See Paragraph 10 of the Standing Order. For any expert witness, each party shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely.  If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection and its grounds shall be set forth in the Joint Trial Memorandum so that the objection can be addressed prior to trial.

b. <u>Exhibits</u>: See Paragraph 11 of the Standing Order. Each party shall list in the Joint Trial Memorandum the exhibits it intends to offer at trial. The plaintiff's exhibits and the defendant's exhibits shall be listed separately.  Each party's exhibit list shall denote the exhibit number, a brief description of the exhibit and shall indicate whether the parties agree that a particular exhibit should be admitted as evidence without objection.  If there is an objection to an exhibit, the proponent of the exhibit must set forth the basis for admissibility of the exhibit and the opponent must set forth the basis of the objection. Except for rebuttal and impeachment, exhibits not listed will not be admissible at trial without good cause shown.

Prior to the final pretrial conference, each party shall mark its exhibits with exhibit stickers (which are available upon request from the courtroom deputy clerk).  All exhibits shall be

marked numerically and say "Plaintiff" or "Defendant."  If there is more than one plaintiff or defendant, the exhibits shall identify the party offering the exhibit (e.g., Defendant Smith, Exhibit #1). If the same exhibit is offered by more than one party, the parties shall mark only one of the exhibit by placing their respective exhibit stickers on the one exhibit (e.g., two exhibit stickers on one document: Plaintiff Jones, Exhibit #2; Defendant Smith Exhibit #5).  Each party shall prepare two courtesy copies of its documentary exhibits for the court's use during the hearing.  The courtesy copies shall be arranged in order in a notebook with tabs bearing the exhibit number.  Counsel shall retain the original set of exhibits until the beginning of trial.  Counsel shall bring a set of the exhibits to the final pretrial conference.

SO ORDERED this 18th day of June 2012, at Hartford, Connecticut.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```

3

**Hints for Proceeding as a Pro Se Defendant**

Individuals in court cases are generally referred to as <u>plaintiffs</u> or <u>defendants</u>. The plaintiff is the person bringing the lawsuit who alleges that a defendant violated a right protected by law.  The defendant is the person who allegedly violated that right. The majority of individuals appearing in court, also known as litigants or parties, are represented by licensed attorneys who practice law, have appeared in court, and are familiar with court rules and procedures. Litigants or parties representing themselves in court without the assistance of a licensed attorney are known as <u>pro se litigants</u>. The word "<u>pro se</u>" is Latin for "<u>in one's own behalf</u>."

**The Decision to Proceed Pro Se**

If you are considering representing yourself at trial, you should evaluate carefully the risks associated with proceeding <u>pro se</u> and educate yourself regarding the potential consequences. Litigation is extremely time consuming and complex, and the legal process can be difficult to understand.

**Findings of Fact and Conclusions of Law**

This is a trial to the court, also called a bench trial.  In a bench trial, there is no jury.  The Judge will render a verdict and issue findings of fact and conclusions of law upon which the Judge bases the verdict. Fed. R. Civ. P. 52(a).

**Courtroom Conduct**

Always maintain the proper degree of respect and courtesy when in the courtroom. Unless the Judge directs you otherwise, observe the following formalities:

• Be prompt.

• Stand at the beginning and end of any court session and each time the Judge enters or leaves the courtroom. Remain standing until the Judge sits down or has left the courtroom.

• Stand when addressing or being addressed by the Judge. Always answer the Judge's questions. Never interrupt the Judge.

• When speaking to the Judge, it is customary to refer to him or her as "Your Honor."

• Address your remarks to the Judge, not your opponent.

• Stand at the lectern while making your opening statement and closing argument, as well as when you are examining witnesses.

• The courtroom reporter makes a written record of the trial (or the proceeding is recorded on an audiotape). Speak slowly, loudly and clearly. If you do not, you may be asked to repeat something or slow down.

• Ask the Judge's permission before you approach the bench.

• Do not eat or drink (other than a glass of water at your table) in the courtroom.

• Do not make any gestures, facial expressions or audible comments as a sign of approval or disapproval to the testimony of a witness or to a statement or ruling by the Judge.

**Rules of Procedure**

If you are going to defend the case against you in federal court, you must have a basic understanding of the procedural rules governing your trial. The Federal Rules of Civil Procedure, the Federal Rules of Evidence and the Local Rules can be found on the court's website, www.ctd.uscourts.gov.

**TRIAL PREPARATION**

**Theory of the Case**

The theory of the case is your position in the case and how you intend to address the evidence that will be presented. Developing your theory of the case typically involves several

steps:

 • Determine the witnesses or documents you intend to use to prove your case.

 • Understand what facts will be disputed and what evidence your opponent will likely present to put those facts in dispute. Then, determine whether you have grounds to object to that evidence, and if not, how you otherwise will attack or challenge the evidence.

**Pretrial Order**

Attached is an order for the submission of a pretrial order, which essentially is a map, or index, of the case. It is prepared jointly by the parties and contains the essential information of a case in a non-argumentative, brief and concise format, including:

 • a summary of the facts of the case;

 • a summary of the claims and defenses of the parties;

 • a list of the witnesses each party expects to call to testify; and

 • a list of the documents or other evidence each party expects to introduce as exhibits, including deposition testimony.

Because the pretrial order is typically filed jointly by the parties, you must (and the court expects you to) cooperate with your opponent in its preparation. Often times, counsel for your adversary will prepare the first draft of the pretrial order and you can add your sections to it.

In addition to the pretrial order, you will have to submit copies of documents or other evidence the parties expect to introduce as exhibits.

Unless something extraordinary occurs, you will not be able to present exhibits or call witnesses at trial if they are not listed in the pretrial order. Thus, you must be certain that you have listed all of your potential witnesses and exhibits in the pretrial

order. You are not, however, obligated to call every witness or
introduce at trial every piece of evidence listed in the pretrial
order.

**Order of Proceedings**
   This is the order in which things will happen if the hearing
goes all the way from start to finish:
   1. Opening statements
   2. The plaintiff's case in chief (witnesses and exhibits)
   3. Your (defense) case in chief
   4. Final arguments.

**Opening Statements** In opening statements, you and the lawyer for
the plaintiff have the chance to tell the Judge what you expect the
evidence to be. Opening statements are not evidence and are simply
statements given by the opposing sides to give the court a roadmap
of the evidence that the parties anticipate will be presented at
trial.

**PRESENTATION OF EVIDENCE**
**Types of Evidence**
   Following opening statements, the parties present their
evidence to the Judge in a bench trial. Evidence is the facts, or
the proof, that the Judge allows a party to present to the court.
Evidence consists primarily of the testimony of witnesses and
documents (written materials, including letters, reports, records
and emails).
   Keep in mind several things that are not evidence:
(1) statements in opening statements and closing arguments;
(2) questions to witnesses (rather than the answers); (3) answers
to questions to which the Judge has sustained, or agreed with, a
party's objections; and (4) testimony and documents that the Judge

has ruled are inadmissible.

**Testimony of Witnesses**

    **Plaintiff Puts on Evidence First**

The plaintiff presents its side of the case first. After the opening statements, the plaintiff presents evidence. This is called the plaintiff's case in chief. It may consist only of the plaintiff's testimony, or it may include testimony of other witnesses. The plaintiff begins by calling the first witness to the witness box ("Your Honor, I would like to call as my first witness, _____"), and proceeds to ask that witness all of its questions and show the witness any exhibits relevant to his or her testimony. This is called a direct examination. When the plaintiff's counsel is done with questioning the witness, the defense (you) can then ask questions of the witness. This is called cross examination. It is the defendant's opportunity to ask that witness questions and show the witness documents related to the topics covered in the direct examination.

Then, the plaintiff has the opportunity to ask additional questions about topics covered in cross examination, referred to as redirect examination. If the plaintiff's counsel asks questions on redirect examination, the defense (you) will be offered a chance to ask more questions on recross examination. No more questioning of that witness will be allowed after recross examination.

The plaintiff then calls its next witness ("Your Honor, I would like to call as my next witness, _____"), and the same process of questioning occurs.

After the plaintiff has presented his evidence, you will have a chance to call witnesses and present evidence. This is called the defense's case in chief.

If you call a witness to testify, you must ask questions for the witness to answer. You can't tell the witness facts while the

witness is testifying; the witness is to testify to facts in response to your questions.

If you testify as a witness in this case, you won't have to ask questions of yourself. Some judges do require that, so that the lawyer for the plaintiff will have an opportunity to make an objection. However, in this case you can just tell the facts of the case, but you must tell the court when you are changing topics — for example, "Now I'm going to talk about when . . . " — so the lawyer for the plaintiff will have an opportunity to object to a topic. Other than not having to ask questions of yourself, your testimony will have to comply with all the other rules of evidence and procedure, which means there may be objections raised during your testimony. If the court sustains an objection, that means that you can't talk about whatever was objected to. If you don't understand what it is you're not allowed to talk about, ask the Judge.

Let the court know when you are done with your testimony. The court will then ask the lawyer for the plaintiff if there is any cross examination, and you might be cross examined by the other side. If so, you will be given a chance to give more testimony on redirect examination.

**Admission of Evidence**

Not all documents or testimony may be introduced as evidence. The evidence must be admissible (that is, allowed by the Judge to be introduced as evidence) before the court will consider it. The admissibility of evidence is determined by the Federal Rules of Evidence, which set out specific steps and principles that must be followed before a Judge will allow an exhibit or testimony to be admitted into evidence. Only evidence that is admitted may be considered by the Judge in a bench trial in determining who wins your case. Therefore, it is critical that you carefully consider

every piece of evidence on which you intend to rely to prove your claims, the objections your opponent might make to the evidence and how you will respond to those objections so that evidence is ultimately admitted.

**Objections**

During the examination of a witness, one side may "object" to the questioning or testimony of a witness or presentation of evidence if the attorney feels the testimony or evidence about to be given should be excluded. If the objection is sustained by the Judge, that particular testimony or evidence is excluded. If the objection is overruled by the Judge, the testimony or evidence may be given. A ruling on an objection may be the basis for appeal; however, in order to preserve the right to appeal, a party must ask the court reporter that that portion of the trial--the question/evidence, the objection, and the ruling-- be transcribed in order to preserve the record for later appeal.

**Rebuttal Testimony**

After each side has presented its evidence, the plaintiff may be allowed to present some rebuttal testimony.

**Closing Arguments**

After all the evidence is complete, you and the lawyer for the plaintiff will be allowed to make final arguments. In final argument, you may comment on any evidence that was presented at the hearing, and may tell the court what you think that evidence means. You are not allowed to tell the court any new facts about the case during final argument — the evidence is over by this point.  You may also tell the court why you believe that the plaintiff did not prove his case.

Because the plaintiff has the job of convincing the court, the

plaintiff has the right to open the final arguments and to close
them.  This means that the plaintiff will speak first, then the
defense (you) will speak, and then the plaintiff may speak again to
respond to what you said.