```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LUIS JARA, et al.,              :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:09cv856(DFM)
                                :
YAROSLAV KOHUT,                 :
                                :
     Defendant.                 :
```

## ORDER TO SHOW CAUSE

On June 18, 2012, the court issued a pretrial order requiring the parties to file a Joint Trial Memorandum by July 12, 2012. (Doc. #33.) The court's order explained in detail the information the parties were required to include in the memorandum. The order specifically stated that "exhibits not listed will not be admissible at trial without good cause shown."

On July 12, 2012, the plaintiffs filed a trial memorandum but indicated that "[d]espite several attempts by plaintiffs' counsel to contact and communicate with the pro se defendant, Yaroslav Kohut, including email and voice mail messages," plaintiffs have not received any response. (Doc. #34.) As a result, the plaintiff's trial brief only reflects the plaintiffs' proposed evidence. To date, the defendant has not filed a trial memorandum nor an extension of time in which to do so. As a result of the defendant's failure to comply with the court's order, the plaintiffs request that the court enter default as to the defendant. (Doc. #35.)

If a party fails to obey a court order, the court may impose sanctions or take other action as appropriate. Fed. R. Civ. P.

16(f). Such sanctions and action include assessing costs and attorney's fees, deeming admitted certain facts at trial, precluding evidence or defenses and/or granting judgment by default. See Zak v. Kenney, 197 F.R.D. 212, 213 (D. Conn. 2000) ("[A] defendant can be defaulted for his failure to comply with court orders.").

"[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). See Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 73 (2d Cir. 1988)("[a] party who flouts such orders does so at his peril").

At this juncture, the court declines to impose sanctions for the defendant's failure to comply with the court's order and instead permits the defendant an opportunity to comply. The defendant is ORDERED to contact plaintiffs' counsel and file a Joint Trial Memorandum by **July 24, 2012.** If the defendant fails to do so, he may be prohibited from introducing evidence and/or objecting to the plaintiffs' evidence. Other sanctions also might be imposed.

SO ORDERED at Hartford, Connecticut this 18th day of July, 2012.

                                          _____/s/_____
                                          Donna F. Martinez
                                          United States Magistrate Judge