```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LUIS JARA, et al.,              :
                                :
     Plaintiffs,                :
                                :
     v.                         :      CASE NO. 3:09cv856(DFM)[1]
                                :
YAROSLAV KOHUT,                 :
                                :
     Defendant.                 :
```

                          ORDER OF DEFAULT

     This case was scheduled for a bench trial with evidence to begin July 31, 2012. The sole remaining defendant, Yaroslav Kohut, who is appearing pro se, did not appear for trial. For the reasons that follow, the court enters default as to the defendant Kohut.

     This case has been scheduled for trial for more than a month and the defendant clearly had notice of the trial dates. On June 12, 2012, the court held a telephonic conference at which the plaintiffs were represented by Attorney Goselin and the defendant, Yaroslav Kohut, represented himself. During that conference, the court set the case down for trial. On June 18, 2012, the court issued a pretrial order. (Doc. #33.) That order stated that trial would begin on July 31, 2012 at 10:00 am in the East Courtroom and would continue on August 1, 2012 and August 2, if necessary. In addition to stating the trial dates, the court's June 18, 2012 pretrial order required the parties to file a Joint Trial Memorandum by July 12, 2012. The parties were to set forth in the

---

[1]The parties consented to the undersigned's jurisdiction for all purposes. 28 U.S.C. § 636(c). (Doc. #27.)

Joint Trial Memorandum, among other things, a list of the exhibits and witnesses they proposed to introduce.  The order specified that "exhibits not listed will not be admissible at trial without good cause."  (Doc. #33 at 2.)

On July 12, 2012, the date the Joint Trial Memorandum was due, plaintiffs filed a trial memorandum.  In the memo, they stated that "[d]espite several attempts by plaintiffs' counsel to contact and communicate with the pro se defendant," plaintiffs had not received any response from him.  (Doc. #34.)  As a result, the plaintiff's trial brief only includes the plaintiffs' proposed evidence.  At the same time they filed their trial brief, pursuant to Federal Rule of Civil Procedure 55(a) plaintiffs also filed a motion for entry of default as a sanction for the defendant's failure to comply with the court's order. (Doc. #35.)

On July 19, 2012, the court issued an "Order To Show Cause." (Doc. #36.)  The court ordered the defendant to contact plaintiffs' counsel and file a Joint Trial Memorandum by July 24, 2012.  The order warned the defendant that if he failed to comply, he might be prohibited from introducing evidence, among other sanctions.

Despite the unambiguous court's order, the defendant filed nothing.

On July 26, 2012, the plaintiffs filed a renewed motion for default.  (Doc. #39.)  Plaintiffs seek as relief an order entering default and adjourning trial.  Plaintiffs request that their motion

is granted and that they be permitted to move in due course for default judgment pursuant to Fed. R. Civ. P. 55(b).

On July 27, 2012, the plaintiffs filed a "supplemental memorandum in support of the plaintiffs' renewed motion for default."  (Doc. #41.)  Plaintiff's counsel represents that he spoke with the defendant on July 27, 2012 regarding the trial.  The defendant told plaintiffs' counsel that the defendant did not intend to participate in the trial. (Doc. #41.)  In light of this, the plaintiffs argue that the court should enter default.

To date, the defendant has not filed anything in response to the court's orders or plaintiffs' two motions for default.

A party is entitled to an entry of default when the party against whom relief is sought fails to plead or otherwise defend the action. Fed. R. Civ. P. 55(a).  "A default is an admission of all well-pleaded allegations against the defaulting party." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004).

After entry of default, the "second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011).  "A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to "conduct hearings or make

3

referrals" as may be necessary, inter alia, to determine the amount of damages or establish the truth of the plaintiff's allegations. Fed.R.Civ.P. 55(b)(2)(B)-(C)." Id.

"The disposition of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court." Shah v. New York State Department of Civil Service, 168 F.3d 610, 615 (2d Cir. 1999).

Although a "typical Rule 55 case" is one in which "a defendant failed to file a timely answer," a district court can enter a default against a defendant who fails to "otherwise defend." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011); see also Fed. R. Civ. P. 55(a). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend,' "as it is used in Rule 55(a)." City of New York, 645 F.3d at 129 (affirming default when defendants "cease[d] participating in [their] own defense").

A trial judge, "responsible for the orderly and expeditious conduct of litigation," has the discretion to impose the sanction of default on a defendant for non-attendance at a scheduled trial. See Brock v. Unique Racquetball & Health Clubs, 786 F.2d 61, 64 (2d Cir. 1986). "It is appropriate for a district court to declare a default when a party and its counsel fail to appear at trial after receiving notice." Fine Shoe Co. v. Buckray, Inc., 131 F.R.D. 58, 59 (S.D.N.Y. 1990). See also Brock v. Unique Racquetball & Health

4

Clubs, Inc., 786 F.2d 61, 63-65 (2d Cir. 1986) (affirming default when counsel failed to appear for trial).  See also Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 918 (3rd Cir. 1992) (holding that Rule 55 default can be based on a failure to appear at trial); Hampton Forge, Ltd. v. Descamps, No. 03-4500(GEB), 2006 WL 469953, at *7 (D.N.J. Feb. 23, 2006)(entering default where defendants failed to appear at trial conference and informed the court that they would not appear at trial).

The court is mindful that the defendant is proceeding pro se. Notwithstanding, the defendant has failed to comply with two court orders to identify the evidence he intends to introduce.  As to his attendance at trial, there is no question that the defendant had actual notice that trial was scheduled to begin today.  He told plaintiffs' counsel he is not going to participate.  He neither appeared nor contacted the court.  Plaintiffs are prepared and ready to proceed.  By his failure to appear today, the defendant has demonstrated that he has no intention of defending this action.  On the record before the court, the court concludes that default pursuant to Rule 55(a) should enter.  The plaintiffs' motion for default judgment shall be filed within 21 days.

SO ORDERED at Hartford, Connecticut this 31st day of July, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge